IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEL SHER, | ) |
| Plaintiff, | ) MAGISTRATE JUDGE ROSEMOND |
| v. | ) 01C 2252 |
| CITY OF HARVEY, a municipal corporation, JAMES BROOKS, NEAL FRUNDLE and JOHN DOE, | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## COMPLAINT

**COMES** the plaintiff, **JOEL SHER**, by Gregory A. Bedell of COLLINS & BARGIONE, his attorneys, and complains against the defendants, **CITY OF HARVEY, a municipal corporation, JAMES BROOKS, NEAL FRUNDLE and JOHN DOE**, as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter as it involves a claim raised under 42 U.S.C. §1983. This Court has jurisdiction over the state law claims pursuant to the principles of ancillary jurisdiction.

2. Venue is proper in this District as the Defendants are all reside or do business within the District. In addition, all material events underlying the claims made in this case occurred in this District.

### BACKGROUND

3. Joel Sher ("Sher") is an individual living within the Northern District and is an officer of Sher Services, Inc., an Illinois corporation in good standing (the "Corporation").

4. The Corporation is engaged in several lines of business, including the supply of

raw materials to pet food companies. The Corporation owns and uses tanker trailers in the course of business. Most of the tankers are not used for over-the-road purposes; rather, they provide temporary, above ground storage capacity for the materials that the Corporation buys and sells. Tankers which are used for above ground storage are parked either on the grounds of the Corporation's place of business or at other locations with permission of the landowner.

5. The City of Harvey is a municipal corporation located within the Northern District of Illinois. James Brooks and Neal Frundle are members of the Harvey Police Department. "John Doe" is the name used herein for an administrative hearing officer of the City of Harvey who was presiding over hearings of City of Harvey citations on December 17, 1999. His real name is not currently; when he is identified through discovery, this Complaint will be amended to reflect his real name.

6. In or around the spring of 1999, the Corporation entered into an agreement with a company called Kappa Products under which Kappa allowed the Corporation to store tankers at its property at 1301 East 99th Street, Chicago, Illinois. The Corporation delivered a tanker to this location and set it up as a storage tank. The Corporation thereafter believed that the tanker was at all times secured at Kappa Products' location. At no time did Sher, either directly or indirectly, cause the tanker to be abandoned or left anywhere but at Kappa Products. The Corporation believed the tanker was valuable and, further, that it was holding valuable product. The Corporation never abandoned, and had no intention of abandoning, either the tanker or the product.

7. In early December, 1999, the Corporation received a "First Notice to Appear for Municipal Hearing" issued by the City of Harvey. The Notice (a copy of which is attached hereto as Exhibits 1 and by this reference is incorporated herein) reflected that two citations had

been issued in August, 1999, against the tanker and required that the Corporation appear on December 17, 1999 at the Harvey City Hall. The Corporation had not previously received any notice that the citations had been issued.

8. On December 17, 1999, Sher appeared on behalf of the Corporation at the Harvey City Hall. When the case was called, Sher stepped up before John Doe, the administrative hearing officer. Doe read the citations and then asked Sher to be seated and wait. (Sher believes the proceeding was tape recorded, which will provide a full transcript of the proceeding.) Sher is informed and believes that Doe summoned the Harvey police and demanded that they arrest Sher for illegal dumping.

9. While seated in the City Hall, Sher was approached by Neal Frundle who escorted him out of the hearing room, through the City Hall and outside where he was placed in the rear seat of Frundle's squad car. Sher was then driven to 147th Street and Spaulding in Harvey, Illinois, where Sher identified a tanker there as belonging to the Corporation. Sher was then driven back to City Hall where is he handcuffed and placed under arrest. When Sher asked why he was being arrested, Frundle informed him that he was being charged with the illegal dumping because he had abandoned the tanker.

10. Frundle took Sher to the Harvey police station he placed Sher in a locked cell. Sher remained in that cell for approximately 2 hours; Sher was then taken out of the cell and handcuffed to a chair in the station, in full view of other officers and the public. Sher remained there for another hour. Sher was then allowed to post $100 on a $1000 deposit bond and was released.

11. Prior to Sher's release, Frundle made a sworn criminal complaint against Sher charging him with "Illegal Dumping of Waste on Public Property," in violation of 415 ILCS

5/21(A). (A copy of this criminal complaint is attached hereto as Exhibit 2 and by this reference is incorporated herein.) Frundle described the offense by alleging that Sher:

> knowingly caused or allowed the open dumping of any waste on public property to wit: above subject left a silver semi-tanker, VIN # 801940 parked on the side of the road. The vehicle was abandoned, the aluminum was removed, no plates and full of liquid waste.

12. Frundle also prepared an "Incident Report" of Sher's arrest in which Frundle states that he was dispatched to City Hall "in reference to illegal dumping." He further states that James Brooks advised him that Sher "had left a silver, semi tanker, VIN #801940 parked on the side of the road with the aluminum removed, no plates, abandoned full of liquid waste." The report also states that Sher was given "several notices of the violations." A copy of the Incident Report is attached hereto as Exhibit 3 and by this reference is incorporated herein.

13. As required under his bond, Sher appeared in the Sixth District Municipal Court in the Circuit Court of Cook County on February 10, 2000. At that time, Sher was represented by counsel who challenged the sufficiency of the allegations against Sher. The Court then held what it apparently considered a probable cause hearing. At this hearing, Frundle testified about his whereabouts and conduct **on December 17, 1999**. Frundle claimed in court that he did all of the following things on the 17th: he saw the trailer on the street, had it towed, found out the owner, contacted "him" by certified letter and arrested him when he showed up at the hearing. A copy of the transcript of the entire proceedings on February 10, 2000 is attached hereto as Exhibit 4.

14. Based on this testimony the judge found probable cause to make Sher answer charges and set the case over for hearing.

15. On April 3, 2000, the State moved to strike the case with leave to reinstate. The

Court granted this motion and the State never reinstated the case. The time within which the State could move to reinstate has elapsed.

## COUNT I: CIVIL RIGHTS VIOLATION

16. As and for paragraph 16, Sher incorporates paragraphs 3 through 15 as if fully set forth herein.

17. At all times relevant, Doe, Brooks and Frundle were employees and agents of the City of Harvey and were acting under color of state authority.

18. At no time did the City of Harvey, Doe, Brooks or Frundle have any evidence, or even any reasonable basis to believe, that **Sher** "left a silver semi-trailer" on public property. As requested, Sher merely appeared on behalf of the corporate owner of the tanker at a civil hearing when the Corporation was sent the *first* notice.

19. Doe violated Sher's civil rights by summoning the police to arrest Sher for illegal dumping without any factual basis to believe that Sher committed any crime.

20. Brooks violated Sher's civil rights by directing Frundle to arrest Sher without any factual basis to believe that Sher committed any crime.

21. Frundle violated Sher's civil rights by arresting Sher without probable cause and by twice giving false statements under oath in an effort to support Sher's arrest and cause his conviction.

22. The actions of the defendants, and each of them, was willful and wanton as they recklessly ignored the truth, recklessly failed to investigate the truth before acting and intentionally fabricated allegations to cause Sher's arrest and prosecution.

23. Sher was deprived of his Constitutional rights by being falsely arrested and imprisoned and by being prosecuted based on fabricated allegations.

24. Sher has been damaged by the defendants' actions. He was prevented from pursuing his livelihood during the period of incarceration and his appearances at court and he was required to expend funds to retain counsel to contest the charges against him that were ultimately stricken. Sher was also forced to endure the indignity of being arrested and handcuffed in public, being placed in a jail cell, being placed on display handcuffed to a chair in a police station and being prosecuted for a crime he did not commit.

25. Due to the willful and wanton conduct of the defendants, Sher should be awarded punitive damages. Municipalities and police Neals wield great amounts of power which can have devastating effects on real human beings if it is not used honestly and fairly. The defendants here abused their power and they did so knowingly or, at the very least, recklessly.

**Wherefore**, Sher prays this honorable Court grant his the following relief against the defendants, and each of them:

a. award him his actual damages, as proved at trial
b. award him punitive damages in the amount of $5,000,000;
c. award him his attorneys fees and costs associated with pursuing this action; and
d. grant him such other and further relief as this honorable Court deems just.

### COUNT II: FALSE IMPRISONMENT

26. As and for paragraph 26, Sher incorporates paragraphs 16 through 25 as if fully set forth herein.

27. The defendants' actions in causing Sher's arrest were not reasonable. Contrary to all of the allegations and sworn assertions, there was no evidence that Sher committed illegal dumping; no one witnessed Sher commit any crime because Sher did not commit any crime. Sher was falsely imprisoned due to the defendants' willful and malicious conduct.

28. Sher was humiliated by this occurrence. Innumerable people saw Sher arrested,

escorted out of City Hall in handcuffs and handcuffed to a chair in the police department.

29. Sher has been damaged by being falsely imprisoned. He was prevented from pursuing his livelihood during the period of incarceration and his appearances at court and he was required to expend funds to retain counsel to contest the charges against him that were ultimately stricken. Sher was also forced to endure the indignity of being arrested and handcuffed in public, being placed in a jail cell, being placed on display handcuffed to a chair in a police station and being prosecuted for a crime he did not commit.

30. Due to the willful and wanton conduct of the defendants, Sher should be awarded punitive damages. Municipalities and police Neals wield great amounts of power which can have devastating effects on real human beings if it is not used honestly and fairly. The defendants here abused their power and they did so knowingly or, at the very least, recklessly.

**Wherefore**, Sher prays this honorable Court grant his the following relief against the defendants, and each of them:

   a. award him his actual damages, as proved at trial
   b. award him punitive damages in the amount of $5,000,000;
   c. award him his attorneys fees and costs associated with pursuing this action; and
   d. grant him such other and further relief as this honorable Court deems just.

**JOEL SHER**

By:_____
One of his attorneys

Gregory A. Bedell
Collins & Bargione
One North LaSalle Street
Suite 2235
Chicago, Illinois 60602
312.372.7813

City of Harvey
FIRST NOTICE TO APPEAR FOR MUNICIPAL HEARING

34

STATE OF ILLINOIS  in the County of Cook for the Municipality of the City of Harvey

THIS IS A NOTICE TO APPEAR. It is to inform you of your right to appear at a hearing to contest the violation notice(s) listed below on its merits or to prepay the amount(s) owing for the violation(s). As registered owner or lessee of the cited vehicle you have the right to contest the violation(s) notice(s) or you must pay the indicated fine and penalty amount(s).

Sher Services Co, Inc.
P.o.box 09072
Chicago IL 60609

State License #:          Make of Vehicle: VIM    Color: SILVER
                          VIN # 801940

| Citation # | Issued On | Violation | Prior To Hearing | At Hearing | Location |
|---|---|---|---|---|---|
| C151509 | 08/31/99 | 105 | 50.00 | 100.00 | 147TH & SPAULDING |
| NO VALID REG NO PLATE/STICK O | | | | | |
| P151510 | 08/31/99 | 53 | 50.00 | 100.00 | 147TH & SPAULDING |
| ABAND/INOPERABLE VEH (PRIVATE | | | | | |
| | | TOTAL:$ | 100.00 | 200.00 | |

NOTE: PAYMENT OF THE INDICATED FINE/PENALTY SHALL BE CONSIDERED AS A FINAL DISPOSITION AND APPEARANCE ON THE HEARING DATE SPECIFIED BELOW IS NOT REQUIRED.

You are to appear before the hearing officer at the time/place shown below.

Location: City of Harvey          (708)331-3030
          15320 S. Broadway Ave.
          Harvey IL 60426

Day/Time: 01/07/00 10:00 AM

NOTICE: Failure to pay the indicated fine and penalty or to appear at the hearing specified above, will result in a final determination of standing, parking or compliance violation liability, for the cited violation(s), in the amount of the fine and penalty specified above, and upon the occurrence of a final determination of liability for the failure, and the exhaustion of, or failure to exhaust, administrative or judicial procedures for review which are available to you under municipal ordinances or state law, any unpaid fine or penalty will constitute a debt due and owing the municipality.

PLAINTIFF'S EXHIBIT 1

<u>6-160</u>　　　　<u>10 FEB 00　AT　1030　RM 204</u>
(Court Branch)　　　　(Court Date)

MISDEMEANOR COMPLAINT　　　　　　　　　　　　　　　　　　(6/2/94) CCG 0655

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois
　　Plaintiff

　　　　v.　　　　　　　　　　　　　　　　NO. ..................

JOEL SHER
　　　Defendant

OFFICER FRUNDLE #418 ............................. complainant, now appears before
(Complainant's Name Printed or Typed)

The Circuit Court of Cook County and states that

JOEL SHER　　　　　　6542 N. NAVAJO, LINCOLNWOOD, ILLINOIS 60646 ...... has, on or about
(defendant)　　　　　　　　　　(address)

DECEMBER 17, 1999 ............ at ........ 147TH & SPAULDING, HARVEY, ILLINOIS 60426 ............
(date)　　　　　　　　　　　　　　　　　　(place of offense)

committed the offense of ...... ILLEGAL DUMPING OF WASTE ON PUBLIC PROPERTY ............... in that he/she
KNOWINGLY CAUSED OR ALLOWED THE OPEN DUMPING OF ANY WASTE ON PUBLIC PROPERTY. TO WIT:
ABOVE SUBJECT LEFT A SILVER SEMI-TANKER, VIN # 801940 PARKED ON THE SIDE OF THE ROAD.
THE VEHICLE WAS ABANDONED, THE ALUMINUM WAS REMOVED, NO PLATES AND FULL OF LIQUID WASTE.

in violation of ...... 415 ...... Illinois Compiled Statute ...... 5 ...... / ...... 21 ( A )
(Chapter)　　　　　　　　　　　　　　(Act)　　　　　　　(Sub Section)

　　　　　　　　　　　　　　　　　　　　*Ofc. Frundle #418*
　　　　　　　　　　　　　　　　　　　　(Complainant's Signature)
STATE OF ILLINOIS　}　　　　　　　　　　　　　　　　(708)331-3030
COOK COUNTY　　 } ss.　15301 S. DIXIE HIGHWAY, HARVEY, ILLINOIS 60426
　　　　　　　　　　　　　　(Complainant's Address)　　　(Telephone No.)

OFFICER N. FRUNDLE # 418
(Complainant's Name Printed or Typed)

being first duly sworn, ........ HIS ................................. on oath, deposes and says that he/she read the foregoing
complaint by him/her subscribed and that the same is true.

　　　　　　　　　　　　　　　　　　　　*Ofc. Frundle #418*
　　　　　　　　　　　　　　　　　　　　(Complainant's Signature)
Subscribed and sworn to before me ...... DECEMBER 17, 1999 ..................................,19.....
　　　　　　　　　　　　　　　　　　　　(Judge or Clerk)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said complaint.

Summons issued,　　Judge ........................................　　　　　　　　　　　　　Judge's No.
　or
Warrant Issued,　　Bail set at, .....................................
　or
Bail set at ................................................ Judge ....　　　　　　　　　　　　　Judge's No.

**PLAINTIFF'S EXHIBIT 2**

# HARVEY POLICE PROPERTY INCIDENT REPORT

JUVENILE ☐

| INCIDENT | 2. CTS | 3. U | 4. TAB | 5. LOCATION | 6. CRN |
|---|---|---|---|---|---|
| ILLEGAL DUMPING | | 1 | | 147 ST. AND SPAULDING HARVEY IL 60426 | 15382-A99 |

| COMPLAINANT | 8. COMPLAINANT ADDRESS CITY STATE | 9. BUSINESS PHONE | 10. HOME PHONE |
|---|---|---|---|
| SGT. FRUNDLE #418 | 15301 DIXIE HWY. HARVEY IL 60426 | 331-3030 708 | |

| BEAT | 12. DATE (OCC) | 13. TIME | TO | 14. DATE (OCC) | 15. TIME | 16. CLEARED BY: DATE | 17. COMPLAINANT D.O.B. |
|---|---|---|---|---|---|---|---|
| 42 | | | | 17 DEC 99 | 1107 | ARREST ✓ SERVICE ☐ UNFOUNDED ☐ | |

THEFT ☐ RECOVER | TOTAL NUMBER ARRESTED | 21. STRANGER TO STRANGER | 22. PREMISE (1) STREET | 2 SVC.STATION | 5 COMMERCIAL | 6 RESIDENCE
A CITY  C STATE  B COUNTY  D OTHER | 19. ADULT 1   20. JUV. | YES  NO  UNK. | 3 STORE  4 BANK  7

| 23. STOLEN | 24. TV, RADIO, ETC. | 25. HOUSEHOLD GOODS | 26. VEHICLES | 27. U.S. CURRENCY | 28. JEWELRY | 29. TOOLS |
| RECOVERED | 30. BICYCLE | 31. OFFICE EQUIP. | 32. VEHICLE ACC. | 33. FIREARMS | 34. CONSUMER GOODS | 35. OTHER: |
| LOST | | | | | | |

| 36. FIRM NAME | 37. ADDRESS CITY STATE | 38. BUSINESS PHONE | 38A. HOME PHONE |
|---|---|---|---|
| CITY OF HARVEY | 15301 DIXIE HWY HARVEY IL 60426 | 331-3030 708 | |

| 39. INDIVIDUAL NAME | 40. ADDRESS CITY STATE | 41. SOC. SEC. NO. | 42. D.O.B. |

| 43. PREV INCIDENTS | 44. POINT OF ENTRY | 45. POINT OF EXIT | 46. METHOD USED | 47. INSTRUMENT USED |

| 48. ATTEMPTED AUTO THEFT | 49. YEAR | 50. MAKE | 51. MODEL | 52. STYLE | 53. COLOR | 54. PLATE NO. | 55. STATE | 56. YEAR |
| STOLEN | | | | | | | | |
| RECOVERED | 57. V.I.N. | | | 58. IDENTIFYING ACCESSORIES OR DAMAGE | | | | |
| SUSPECT | | | | | | | | |

| 59. WAS VEHICLE LOCKED — YES  NO | 61. ARTICLES IN AUTO | 62. WHERE IMPOUNDED |
| 60. KEYS IN VEHICLE — YES  NO | | |
| 63. ITEMS REMOVED BY STRIPPING | 64. OWNER NOTIFIED YES  NO | 65. WHO NOTIFIED OWNER? |

| 66. | WANTED ☐ | SUSPECT ☐ | WITNESS ☐ | ARRESTED ✓ | LAST DRIVER ☐ | OTHER |
|---|---|---|---|---|---|---|

| 67. NAME | 68. ADDRESS CITY STATE | 69. BUSINESS PHONE | 70. HOME PHONE |
|---|---|---|---|
| SHER, JOEL A | 6542 N. NAVAJO AVE. LINCOLNWOOD IL 60646 | | |

| 71. D.O.B. | 72. AGE | 73. SEX | 74. RACE | 75. HGT. | 76. WGT. | 77. HAIR | 78. EYES | 79. SKIN | 80. DISTINGUISHING CHARACTERISTICS, SCARS, ETC. |
|---|---|---|---|---|---|---|---|---|---|
| 07 APR 55 | 44 | M | W | 507 | 145 | BLK | BRO | LIGHT | |

| 81. ALIAS | 82. OCCUPATION | 83. SOC. SEC. NO. | 84. POSSIBLE ASSOCIATES |
|---|---|---|---|
| | OWNER | 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 | |

| 85. PARENTS CONTACTED BY: | 86. DATE | 87. TIME | 88. JUVENILE OFFICER CONTACTED |
| 89. RELEASED TO: | 90. DATE | 91. TIME | |

| 93 ☐ I WILL PROSECUTE  ☐ I WILL NOT PROSECUTE | 94 ☐ I DO  ☐ I DO NOT | AUTHORIZE THE RELEASE OF INFORMATION TO THE NEWS MEDIA OTHER THEN THAT REQUIRED BY LAW. | 95. SIGNATURE | ☐ VICTIM  ☐ COMPLAINANT |

**NARRATIVE:**

ON 17 DEC 99 AT 1107 HRS REPORTING OFFICER (R/O) FRUNDLE #418 WAS DISPATCHED TO 15320 BROADWAY (HARVEY CITY HALL) IN REFERENCE TO ILLEGAL DUMPING. UPON ARRIVAL R/O SPOKE TO COMMANDER BROOKS WHO ADVISED THAT THE OFFENDER (O/P) SHER, JOEL A MALE, WHITE 507, 145 LBS D.O.B. 07 APR 55 HAD LEFT A SILVER SEMI TANKER VIN# 801940 PARKED ON THE SIDE OF THE ROAD WITH THE ALUMINUM REMOVED, NO PLATES, ABANDONED FULL OF LIQUID WASTE. R/O WAS ADVISED THE O/P WAS GIVEN SEVERAL NOTICES OF THE VIOLATIONS. R/O PLACED THE O/P INTO CUSTODY, READ HIS MIRANDA FROM A PRE PRINTED CARD. R/O TRANSPORTED THE O/P TO THE HARVEY P.D. FOR PROCESSING. THE O/P IS CHARGED WITH ILLEGAL DUMPING 415 - 5/21 (A) COURT DATE SET 10 FEB 00 IN RM 204 OF THE MARKHAM COURT 16501 KEDZIE. THE TRAILER WAS TOWED TO AND BY STICK TOWING.

CRN 15382-A99

| 97. REPORTING OFFICER | STAR NO. | 98. SUPPORTING OFFICER | 99. DATE REPORT COMPLETED | 100. TIME COMPLETED |
|---|---|---|---|---|
| [signature] Frundle | 418 | | 17 DEC 99 | 1415 |
| 101. APPROVING SUPERVISOR | STAR NO. | 102. SUPPORTING OFFICER | 103. REPORT REVIEWED BY |
| [signature] | 381 | | |

PLAINTIFF'S EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEL SHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF HARVEY, a municipal corporation, JAMES BROOKS NEAL FRUNDLE and JOHN DOE, | ) ) ) |
| | ) |
| Defendants. | ) |

**JURY TRIAL DEMANDED**

The plaintiff, **JOEL SHER**, hereby demands trial by jury in this cause.

**JOEL SHER**

By: _____
One of his attorneys

Gregory A. Bedell
Collins & Bargione
One North LaSalle Street
Suite 2235
Chicago, Illinois 60602
312.372.7813

# CIVIL COVER SHEET

JS 44 (Rev. 12/96) — Cap 2

01 C 2252 — JUDGE MORAN — MAGISTRATE JUDGE ROSEMOND

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS:** Joel Sher

**DEFENDANTS:** City of Harvey a Municipal Corp, James Brooks, Neal Trundle and John Doe

**(b) County of Residence of First Listed Plaintiff:** Cook

**(c) Attorneys:** Collins + Bargione, 1 North LaSalle #2235, Chicago IL 60602, 312 372-7813

**II. BASIS OF JURISDICTION:** ☒ 3 Federal Question

**IV. ORIGIN:** ☒ 1 Original Proceeding

**V. NATURE OF SUIT:** ☒ 440 Other Civil Rights

**VI. CAUSE OF ACTION:** 42 USC Sec #1983

**VIII.** This case — (not marked as refiling)

**DATE:** 3-30-01

**SIGNATURE OF ATTORNEY OF RECORD:** Gregory Bedell

**JURY DEMAND:** ☒ YES